O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE NUSBAUM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGAR,<br><br>　　　　　Respondents. | No. CV 08-6198-DSF (OP)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION WITH LEAVE TO AMEND |

**I.**

**PROCEEDINGS AND BACKGROUND**

On September 19, 2008, David Lee Nusbaum ("Petitioner"), filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner seeks to challenge his March 12, 1998, conviction in Los Angeles County Superior Court for gross vehicular manslaughter while intoxicated in violation of California Penal Code sections 191.5(a). (Pet. at 2.) Petitioner was sentenced to a total state prison term of fifteen years to life. (Id.)

/ / /

/ / /

## II.

## **DISCUSSION**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. A habeas petition filed pursuant to § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Although Petitioner is currently incarcerated at the Avenal State Prison in Avenal, California, he does not name the state officer of that institution as the respondent. Rather, Petitioner names Governor Arnold Schwarzeneggar as the respondent. (Pet. at 1.) Accordingly, the current Petition is subject to dismissal.[1]

---

[1] Petitioner currently also has pending before this Court a § 2254 petition challenging the same conviction in case no. CV 06-5061-DSF (OP). The Court notes that the current Petition challenges the same conviction and appears to have two of the same claims as those raised in the petition in case no. CV 06-5061-DSF (OP). The Federal Rules of Civil Procedure allow a party to amend a pleading after a responsive pleading is filed only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). When leave of court is required before a complaint/petition may be amended, the Court must consider the following factors: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Furthermore, Local Rule 15 provides that an original and one copy of the proposed amended pleading shall be lodged as a separate document with any notice of motion or stipulation to amend a pleading. L. R. 15-1. If Petitioner seeks to raise additional claims related to the conviction being challenged in case no. CV 06-5061-DSF (OP), he must comply with Rule 15 and Local Rule 15-1.

## III.

## **CONCLUSION**

Based on the foregoing, the current Petition is dismissed with leave to amend.[2]  If Petitioner desires to pursue a habeas corpus action challenging a conviction, Petitioner shall file a First Amended Petition no later than thirty (30) days from the date of this order.  The First Amended Petition should clearly contain the words "FIRST AMENDED PETITION," must be completely and concisely filled out, and must remedy the deficiencies mentioned above.  The form petition required by the Court admonishes Petitioner to "[s]tate concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly, the facts supporting each ground.  If necessary, attach a SINGLE page only behind this page."  Furthermore, the form petition instructs Petitioner that "[y]ou must state facts, not conclusions, in support of your grounds.  (e.g., if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do)."

The Deputy Clerk of the Court is directed to send Petitioner a copy of the current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254.  The Deputy Clerk shall also send Petitioner blank copies of the forms required when filing a Civil Rights action by a person in custody, pursuant to 42 U.S.C. § 1983, as well as a request to proceed *in forma pauperis* for both types of actions.

///

---

[2]  On August 19, 2008, Petitioner also filed a request for appointment of counsel.  In light of the Court's order dismissing the current Petition with leave to amend, the Court denies Petitioner's request as moot.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.  Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED:   October 1, 2008

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge